UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 01-6797-CIV-MIDDLEBROOKS

CHRISTINE O'DONNELL,

    Plaintiff,

v.

JAMES E. BILLIE,

    Defendant.
_____/

FILED by _____ D.C.

FEB 0 1 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER ON MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11

THIS CAUSE comes before the Court upon the defendant, James E. Billie's ("Billie"), Motion for Attorney Fees Sanctions under F.R.C.P. 11, filed October 25, 2001 (DE# 28). The plaintiff, Christine O'Donnell ("O'Donnell"), filed a timely response, to which Billie did not reply. As the time for such a reply has now passed, this issue is ripe for disposition. The Court has reviewed the record and is advised in the premises.

O'Donnell, a white, non-Indian female, was employed by the Seminole Tribe of Florida ("Tribe") as an Administrative Assistant for the Executive Administrator from 1982 until her employment was terminated in November of 2000. Billie was the Chairman of the Tribe, and was also responsible for supervising O'Donnell in her work. On May 10, 2001, O'Donnell brought this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Because the Court found that it lacked subject matter jurisdiction over the action, the Court dismissed this case in an Order dated October 18, 2001. On October 22, 2001, Billie's counsel sent a letter to O'Donnell's counsel, advising the latter of the proposed Rule 11 motion. Then, apparently without waiting for any sort of response, Billie filed the instant motion, seeking such sanctions. Because the Court concludes that this motion is untimely, it shall be denied.

Subdivision (b) to Rule 11 states in pertinent part that in presenting a pleading, motion, or other document to the court, an attorney or a *pro se* party

> ... is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, –

>> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>> ...
>> (c) Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

Fed. R. Civ. P. 11(b)-(c). The Rule then goes on to set forth a 21-day "safe harbor" period, which begins when the allegedly violating party is served with the motion. That party then has twenty-one days within which to "withdraw[] or appropriately correct[]" the "challenged paper, claim, defense, contention, allegation, or denial ...." Fed. R. Civ. P. 11(c)(1)(A). The Advisory Committee Notes to the 1993 Amendments make clear that "[t]hese provisions are intended to provide a type of 'safe harbor' against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position ..." and that "under the revision, the timely withdrawal of a contention will protect a party against a motion for sanctions." Therefore, based on the congressional rationale behind the "safe harbor" provision, strict compliance therewith is a prerequisite to moving for sanctions. *See, e.g., Ridder v. City of Springfield*, 109 F.3d 288, 296 (6th Cir. 1997); *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995) ("The plain language of the rule indicates that this notice and opportunity prior to filing is mandatory."); *Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1328 (2d Cir. 1995); *Thomas v. Treasury Mgmt. Ass'n, Inc.*, 158 F.R.D. 364, 369 (D. Md. 1994).

In accordance with the above discussion, courts have consistently held that Rule 11 sanction motions may not be filed after the conclusion of the litigation; this is so regardless of whether the problematic pleading (claim, defense, etc.) was disposed of after summary judgment, dismissal, or a verdict. *See Barber v. Miller*, 146 F.3d 707, 710-11 (9th Cir. 1998); *Ridder*, 109 F.3d at 296-97; *Shackelford v. Courtesy Ford Inc.*, 96 F. Supp.2d 1140, 143-44 (D. Colo. 2000); *DeShiro v. Branch*, 183 F.R.D. 281, 288 (M.D. Fla. 1998); Fed. R. Civ. P. 11 advisory committee's notes 1993 ("Given the 'safe harbor' provisions ..., a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention.")). This is because in such a situation, there is no way for a party allegedly in violation of this Rule to avail himself or herself of the (mandatory) "safe harbor" provision by withdrawing the claim, contention, or defense in question.

Here, Billie indicated to O'Donnell his intention to file a Rule 11 motion on October 22, 2001 – four days after the Court granted his motion to dismiss. Then, just three days later, this motion was filed with the Court. There was practically *no* attempt at compliance with the explicit mandates of Rule 11's "safe harbor" provision.

Therefore, the Court concludes that by waiting to file the instant motion until after this case was dismissed, and then giving O'Donnell just three days before filing the motion with the Court, Billie has failed to comply with the mandatory timing requirements of Rule 11. In her response, O'Donnell also asks the Court to award her the attorneys' fees incurred in opposing Billie's motion. Rule 11(c)(1)(A) states, "If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion." O'Donnell has prevailed on this motion, and the Court finds such an award to be "warranted" in light of Billie's unexplained noncompliance with the Rule. Accordingly, it is hereby

ORDERED AND ADJUDGED that the motion is DENIED. Further, the Court GRANTS O'Donnell attorney's fees incurred in opposing the motion in the amount of $600.00 (six hundred dollars).

DONE AND ORDERED in Chambers in West Palm Beach, Florida, this 31st day of January 2002.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

copies to counsel of record